UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUSTIN COYLE, Patient #170-207-5,<br><br>Plaintiff,<br><br>vs.<br><br>CLEAR CHANNEL COMMUNICATIONS, et al.,<br><br>Defendants. | Case No.: 3:16-cv-1173-LAB-KSC<br><br>**ORDER:**<br><br>**1) DISMISSING CIVIL ACTION AS FRIVOLOUS PURSUANT TO 28 U.S.C. § 1915A(b)(1)**<br><br>**AND**<br><br>**2) DENYING MOTION TO PROCEED IN FORMA PAUPERIS AS MOOT [ECF No. 3]** |

    While he was detained in the San Diego Central Jail (SDCJ), JUSTIN COYLE ("Plaintiff"), filed an incomprehensible pleading seeking unspecified relief against various public and private business entities, including Clear Channel Communications, MTV, Hollywood Production Co., Sony Records, "Private Illegal Individuals," a "Cult of Sex Stalkers, the EPA, IRS, and a "K9," while invoking federal jurisdiction under the Civil Rights Act, 42 U.S.C. § 1983 (ECF No. 1).

    Because he did not pay the $400 required to commence a civil action in federal court and did not move to proceed in forma pauperis ("IFP") pursuant to 28 U.S.C.

§ 1915(a), the Court dismissed Plaintiff's case pursuant to 28 U.S.C. § 1914(a) (ECF No. 2). Plaintiff was given a chance to either pay the filing fee or move IFP if he wished to proceed, but warned that if he did either, his Complaint would be dismissed as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B) and/or 28 U.S.C. § 1915A(b)(1). (*See* ECF No. 2 at 3 n.3.)

Plaintiff has since filed a Motion to Proceed IFP (ECF No. 3), a change of address indicating his interim transfer to Patton State Hospital (ECF No. 6), and an Amended Complaint (ECF No. 5), which supersedes his original pleading. *See Ramirez v. Cty. of San Bernardino*, 806 F.3d 1002, 1008 (9th Cir. 2015) ("It is well-established in our circuit that an 'amended complaint supersedes the original, the latter being treated thereafter as non-existent.'") (citations omitted).

## I. Plaintiff's Amended Complaint

Plaintiff's Amended Complaint names no Defendants in its caption and fails to invoke federal jurisdiction under the U.S. Constitution or any federal statute. (ECF No. 5.) In it, Plaintiff claims he is a "deep cover CIA operative," and that the "new Archer Vice [TV] show was based and titled about [his] true life." Plaintiff contends he has therefore been subject to "plag[i]arism and slander" for which he is entitled to royalties and "rep[ara]tions," and seeks to "ha[]lt [its] further production." (*Id.* at 1.)

Plaintiff also includes "new" allegations that appear related to his medical care while he was detained in the SDCJ. Specifically, Plaintiff claims to have developed carpal tunnel syndrome, and he requests "assistance/accommodations [and] medical prescriptions other than ibupro[f]en." (*Id.* at 4.)

## II. Screening pursuant to 28 U.S.C. § 1915A

As amended by the Prison Litigation Reform Act, 28 U.S.C. § 1915A requires sua sponte dismissal of prisoner complaints, or any portions of them, which are "frivolous, malicious, or fail[ ] to state a claim upon which relief may be granted." 28 U.S.C. § 1915A(b); *Coleman v. Tollefson*, 135 S. Ct. 1759, 1764 (2015). "The purpose of § 1915A is to 'ensure that the targets of frivolous or malicious suits need not bear the

expense of responding."' *Nordstrom v. Ryan*, 762 F.3d 903, 907 n.1 (9th Cir. 2014) (internal citation omitted).

The Court finds Plaintiff's Amended Complaint, like his original, is patently frivolous. A pleading is "factual[ly] frivolous[]" under § 1915A(b)(1) if "the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." *Denton v. Hernandez*, 504 U.S. 25, 25-26 (1992).

"[A] complaint, containing as it does both factual allegations and legal conclusions, is frivolous where it lacks an arguable basis either in law or in fact. . . . [The] term 'frivolous,' when applied to a complaint, embraces not only the inarguable legal conclusion, but also the fanciful factual allegation." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). When determining whether a complaint is frivolous, the court need not accept the allegations as true, but must "pierce the veil of the complaint's factual allegations," *Id.* at 327, to determine whether they are "'fanciful,' 'fantastic,' [or] 'delusional,'" *Denton*, 504 U.S. at 33 (quoting *Neitzke*, 490 U.S. at 328).

As noted above, Plaintiff's Amended Complaint contains irrational and delusional allegations that he is a CIA operative whose life story has been appropriated by cable television, music, and Hollywood production companies, the EPA and IRS – all of whom have failed to compensate him in royalties. (ECF No. 5 at 1.) As such, his pleading "rise[s] to the level of the irrational or the wholly incredible," *Denton,* 504 U.S. at 33, and must be summarily dismissed. *See Nordstrom*, 762 F.3d at 907 n.1.

Moreover, to the extent Plaintiff also alleges to suffer from carpal tunnel syndrome for which he claims to have been inadequately medicated and accommodated while previously in custody of the SDCJ (ECF No. 5 at 4), his allegations are also subject to sua sponte dismissal as frivolous pursuant to 28 U.S.C. § 1915A(b)(1) because they are duplicative of those alleged in another civil action he has previously filed in this Court. *See Coyle v. San Diego Sheriff's Dept., et al.*, S.D. Cal. Civil Case No. 3:16-cv-00667-GPC-JLB (Doc. No. 1; Doc. No. 3 at 7-10.).

1   A court "'may take notice of proceedings in other courts, both within and without
2   the federal judicial system, if those proceedings have a direct relation to matters at
3   issue.'" *Bias v. Moynihan,* 508 F.3d 1212, 1225 (9th Cir. 2007) (quoting *Bennett v.*
4   *Medtronic, Inc.*, 285 F.3d 801, 803 n.2 (9th Cir. 2002)). A complaint is also considered
5   frivolous under 28 U.S.C. § 1915A(b)(1) if it "merely repeats pending or previously
6   litigated claims." *Cato v. United States*, 70 F.3d 1103, 1105 n.2 (9th Cir. 1995)
7   (construing former 28 U.S.C. § 1915(d)) (citations and internal quotations omitted).

8   Because Plaintiff has already filed, and has had dismissed, some of the same carpal
9   tunnel and medical care claims presented in the Amended Complaint he filed in this case
10  as he raised in *Coyle v. San Diego Sheriff's Dept., et al.*, S.D. Cal. Civil Case No. 3:16-
11  cv-00667-GPC-JLB, the Court must dismiss his duplicative and subsequently filed claims
12  pursuant to 28 U.S.C. § 1915A(b)(1). *See Cato*, 70 F.3d at 1105 n.2; *Lopez*, 203 F.3d at
13  1127; *see also Adams v. Cal. Dep't of Health Servs.*, 487 F.3d 684, 688-89 (9th Cir.
14  2007) ("[I]n assessing whether the second action is duplicative of the first, we examine
15  whether the causes of action and relief sought, as well as the parties or privies to the
16  action, are the same."), *overruled on other grounds by Taylor v. Sturgell*, 553 U.S. 880,
17  904 (2008).

18  "When a case may be classified as frivolous or malicious, there is, by definition, no
19  merit to the underlying action and so no reason to grant leave to amend." *See Lopez v.*
20  *Smith* 203 F.3d 1122, 1127 n.8 (9th Cir. 2000) (en banc).

21  **III.   Conclusion and Orders**
22      For the reasons set forth above, the Court hereby:
23      (1)    **DENIES** Plaintiff's Motion to Proceed IFP (ECF No. 3) as moot;
24      (2)    **DISMISSES** this civil action sua sponte as frivolous pursuant to 28 U.S.C.
25  § 1915A(b)(1) and without leave to amend; and
26      (3)    **CERTIFIES** that an IFP appeal from this Order would also be frivolous and
27  therefore, could not be taken in good faith pursuant to 28 U.S.C. § 1915(a)(3). *See*
28  *Coppedge v. United States*, 369 U.S. 438, 445 (1962); *Gardner v. Pogue*, 558 F.2d 548,

550 (9th Cir. 1977) (indigent appellant is permitted to proceed IFP on appeal only if appeal would not be frivolous).

**IT IS SO ORDERED**.

Dated: October 4, 2016

_____
HON. LARRY ALAN BURNS
United States District Judge